(34 Misc. Rep. 390.)

### NORRIS et al. v. WYOMING COUNTY TIMES et al.

(Supreme Court, Trial Term, Wyoming County.   March, 1901.)

SUPERVISORS—POLITICAL AFFILIATION—PUBLIC PRINTING.

A supervisor nominated by a political party, and elected on the ticket of that party, without any other nomination, represents that party, and belongs to it, within Laws 1898, c. 349, § 19, requiring the supervisors in each county representing, respectively, each of the two principal political parties, to designate a paper representing the party to which they respectively "belong" to publish the session laws, etc., though such supervisor may be the defeated caucus candidate of the opposite political party, and belong in principle to, and usually affiliate with, it.

Suit by Frank Norris and another against the Wyoming County Times and others, to intercept moneys due for publishing the session laws of 1899, upon the ground that the contesting defendants' newspaper, the Wyoming County Times, had not been legally designated by a majority of the Democratic supervisors of Wyoming county, as claimed by the defendants, and that the designation of the plaintiffs' newspaper, the Democrat-Review, by the Democratic supervisors the preceding year, holds good for the succeeding year of 1899.   Dismissed.

E. M. Bartlett, for plaintiffs.
Brown & Coleman, for defendants.

KRUSE, J.   The plaintiffs' newspaper, the Democrat-Review, was designated by the Democratic supervisors of Wyoming county at the annual session of the board of supervisors in 1897 as the Democratic newspaper to publish the session laws of the next succeeding year. The plaintiffs published the laws of the year 1898, and also the laws of 1899, contending that a majority of the Democratic supervisors had failed to make such a designation in 1898 for the year 1899, and that the designation made for the preceding year held good for the year 1899, and that therefore they are entitled to compensation from the money appropriated therefor.   Upon the part of the defendant newspaper owners it is contended that there were seven Democratic supervisors, and that four of them joined in designating their newspaper, the Wyoming County Times, at the annual meeting of the board of supervisors in 1898, to publish the laws for the year 1899. On the part of the plaintiff it is claimed that there were but six Democratic supervisors, and that one of the four who joined in the designation of the Wyoming County Times did not represent and belong to the Democratic party, which is one of the two leading political parties of the county of Wyoming.   It appears that James H. Felch, whose right to act as one of the Democratic supervisors is challenged,

was elected a supervisor in the town of Castile in the spring of 1898 upon the Democratic ticket. He was elected the preceding year upon the Republican ticket, and was again a candidate in the Republican caucus in 1898, but was defeated in the caucus, and thereupon he was nominated in the Democratic caucus, accepted the nomination, and was elected over the Republican nominee. He was a Republican in principle, and always affiliated with his party both before and after his election, except that, upon the question of designating a Democratic newspaper for publishing the session laws at the annual meeting of the board of supervisors in 1898, he acted with the Democratic supervisors, and this was the only question of a political nature upon which the supervisors divided. His right to act with the Democratic supervisors was not questioned, and the designation made by him in conjunction with his three associates was not objected to by the three Democratic supervisors who did not join in making such designation of the Wyoming County Times, nor by any member of the board of supervisors. It is now contended by the plaintiffs that Supervisor Felch had not the right to act in making this designation, and that it is wholly ineffectual; that the designation of the plaintiffs' newspaper for the year 1898 was never superseded, and remains in full force.

The right of the plaintiffs to maintain this action, both as to the form of the action, as well as the merits thereof, is challenged; it being claimed by the defendant newspaper owners that the plaintiffs' remedy, if any, is by a writ of certiorari, and not by an action in the nature of a bill in equity, such as this action appears to be. Without passing upon the ground as regards the form of the action, I think plaintiffs must fail upon the merits of this controversy. Section 19, c. 349, of the Laws of 1898, under which the designation in question was made, provides as follows:

"The members of the boards of supervisors in each county representing, respectively, each of the two principal political parties into which the people of the county are divided, or a majority of such members, representing, respectively, each of such parties, shall designate in writing a paper fairly representing the political party to which they respectively belong, regard being had to the advocacy by such paper of the principles of its party and its support of the state and national nominees thereof, and to its regular and general circulation in the towns of the county, to publish the session laws and concurrent resolutions of the legislature required by law to be published, which designation shall be signed by the members making it and filed with the clerk of the board of supervisors. If a majority of the members of the board representing either of such parties cannot agree upon a paper or shall fail to make a designation of a paper or papers as above provided, then in such case the paper or papers last previously designated in behalf of the party or parties whose representatives, or a majority of them, have failed to agree shall be held to be duly designated to publish the laws for that year, and any designation of a paper or papers made contrary to the provisions of this section shall be void. * * *"

The learned counsel for the plaintiffs lays great stress upon the provision of the statute requiring that the supervisors making the designation of the newspaper must belong to the party for which they assume to act. This provision must be read in connection with the first part of the section, which provides that the supervisors representing each of the two principal political parties shall make the

designation. I am of the opinion that a supervisor nominated by a political party, and elected upon the ticket of that party, without any other nomination, represents the political party which nominated him, and belongs to that party, within the meaning of the act referred to, although he may be the defeated caucus candidate of the opposite political party, and belong in principle to, and usually affiliate with, the political party which defeated him in the caucus. If the supervisor whose right to act in making this designation is questioned had received other nominations than the Democratic nomination, a different question might have been presented; but he was the regular nominee of the Democratic party, and his right to act for and represent that political party was not objected to by the supervisors concededly entitled to represent that party. I do not think the Donnelly Case (People ex rel. Donnelly v. Riggs, 19 Misc. Rep. 693, 45 N. Y. Supp. 53) or the Monroe County Case (People v. Monroe Co. Sup'rs, 60 Hun, 328, 14 N. Y. Supp. 867) at variance with the views which have been herein expressed.

The plaintiffs' complaint must be dismissed, with costs.