In the Matter of the Application of ROCKLAND COUNTY CORPORATION and F. RUDOLPH MILLER, Appellants, for a Peremptory Order of Mandamus against EDWARD J. FLYNN, as Secretary of State of New York, VICTOR J. SHANKEY, Supervisor of Rockland County, JOHN DUCEY, Clerk of the Board of Supervisors of Rockland County, and MICHAEL McCABE, Respondents.

Second Department, July 2, 1937.

*Charles J. Hardy, Jr.*, for the appellants.

*Thomas Gagan*, for the respondent Michael McCabe.

HAGARTY, J. The sole question presented by the petition of the appellants is the right of one Victor J. Shankey to represent

the Democratic party in his capacity as county supervisor in designating a newspaper, fairly representing that political party, in which to publish the concurrent resolutions of the Legislature in accordance with section 20 of the County Law.

It appears without dispute that at an election for the office of county supervisor from the town of Haverstraw, held in November, 1935, Shankey, who had been nominated by independent petition, was elected by defeating both the Republican and Democratic candidates. In January, 1936, he assumed to act on behalf of the Democratic party in designating the *Rockland County Times* for the year 1936 to publish concurrent resolutions of the Legislature, tax sale notices and redemption notices, and the *Journal-News* to publish election notices and all other notices. All of the other supervisors of the county are members of the Republican party.

The propriety of this designation is defended by the respondents on the ground that Shankey, during all of his voting years, has enrolled as a Democrat and is a member of the Democratic county committee. Factional differences in the Democratic ranks induced him to contest, as an independent, for the office of county supervisor.

We are of opinion that, despite the regularity otherwise of Shankey's adherence to and affiliation with the Democratic party, he is not the representative of that party in so far as the office of county supervisor is concerned. He was elected in spite of, and not because of, the efforts of the Democratic party and defeated its candidate in the process. The statute, in our opinion, clearly requires that a " representative " of a political party be one who was nominated and elected as the candidate of that party. That is the test of representation, irrespective of general allegiance. (*Norris* v. *Wyoming County Times*, 34 Misc. 390; affd., 83 App. Div. 525.)

One of the petitioners is the corporation which publishes the *Journal-News*, and it is included in the designation to publish election and all other notices. On the petitioners' own showing this designation is as illegal as that of the *Rockland County Times* and, under the circumstances, requires consideration of the designation in its entirety. Part of an illegal designation, favoring the petitioner seeking to set aside the remainder, will not be preserved where it is shown that the designation is entirely void. On the undisputed showing, the designation, in our opinion, is illegal and void, and a peremptory order of mandamus should be granted setting it aside in its entirety.

The relative qualifications of the two newspapers and the efficacy of a previous designation of a Democratic newspaper are issues

which are extraneous to that presented by the petition. The replying affidavit which respondent sought to include by recitation in the order denying the application for a mandamus order consists wholly of irrelevant matter. Whether or not it should have been so recited is academic, inasmuch as appellants have chosen to perfect their appeal from the original order rather than to await favorable determination of the appeal from the order denying resettlement and to present an appeal from such order as resettled.

The order denying application for a peremptory mandamus order should be reversed on the law, with costs, and motion granted, with ten dollars costs, as a matter of law and not in the exercise of discretion, and the proceeding remitted to the Supreme Court for the making and entry of an order in accordance with this opinion.

The appeal from the order denying motion for resettlement should be dismissed, without costs.

JOHNSTON and ADEL, JJ., concur; DAVIS and CLOSE, JJ., dissent and vote to affirm the order denying a mandamus order, but concur in the dismissal of the appeal from the order denying resettlement.

Order denying application for peremptory mandamus order reversed on the law, with costs, and motion granted, with ten dollars costs, as a matter of law and not in the exercise of discretion, and proceeding remitted to the Supreme Court for the making and entry of an order in accordance with opinion by HAGARTY, J.

Appeal from order denying motion for resettlement dismissed, without costs.